a case ultimately reported as *White Lamb Finlay, Inc.* v. *United States*, 29 C. C. P. A. 199, C. A. D. 192.

A new principle of law was enunciated in the cited case, holding that the statutory language "freely offered for sale to all purchasers" in section 402 (d), Tariff Act of 1930, was free from ambiguity and did not require a sale of the product offered. The conclusion was unfavorable to the importer who had contended that there should be actual delivery under the freely offered price before it could apply for customs purposes.

Because of the controlling effect of the *White Lamb Finlay, Inc.* case, *supra*, appeals for reappraisement, relating to the entries in question, were abandoned. Thus, the appraised values prevailed, with consequent imposition of additional duties now sought to be remitted.

We are satisfied from the record and all the circumstances relating to entry and final appraisement that petitioner acted in good faith, without intention to deceive the appraiser or defraud the revenue of the United States, and that the appraiser's advance in value resulted from an honest difference of opinion between the parties. The relief asked for should be allowed.

The petition is therefore granted and judgment will be rendered accordingly.

BEFORE THE SECOND DIVISION, SEPTEMBER 11, 1947

**No. 51897.**—K. Ooka et al. *v.* United States, protests 33189–K, etc. (Honolulu, etc.).

Opinion by TILSON, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 51898.**—William Meyers et al. *v.* United States, protests 121795–K/697, etc. (Chicago, etc.).

Opinion by TILSON, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 51899.**—Fownes Bros. & Co., Inc. *v.* United States, protests 991875–G, etc. (New York).

Opinion by KINCHELOE, J. It was stipulated that the merchandise is the same in all material respects as the gloves which were the subject of *United States* v. *Julius Kayser & Co.* (33 C. C. P. A. 179, C. A. D. 333). The claim of the plaintiff was therefore sustained.

BEFORE THE THIRD DIVISION, SEPTEMBER 11, 1947

**No. 51900.**—Wing Yee Yuen Wah Co. et al. *v.* United States, protests 862906–G, etc. (New York).

Opinion by Cline, J. It was stipulated that the merchandise consists of kumquats similar in all material respects to those the subject of *United States* v. *Fung Chong Co.* (34 C. C. P. A. 40, C. A. D. 342). In accordance therewith the claim at 1 cent per pound under paragraph 743 was sustained.

No. 51901.—Kwong Mee Yuen et al. *v.* United States, protests 864534–G, etc. (New York).

Opinion by Cline, J. It was stipulated that the merchandise consists of kumquats similar in all material respects to those the subject of *United States* v. *Fung Chong Co.* (34 C. C. P. A. 40, C. A. D. 342). In accordance therewith the claim at 1 cent per pound under paragraph 743 was sustained.

No. 51902.—Mason Bros. & Tarlin et al. *v.* United States, protests 52430–K, etc. (Boston, etc.).

Opinion by Johnson, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

No. 51903.—F. W. Myers & Co., Inc., et al. *v.* United States, protests 115250–K, etc. (Ogdensburg, etc.).

Opinion by Johnson, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

SEPTEMBER 10, 1947

No. 51904.—Suit 4556.—*United States* v. *McLaughlin & Freeman.*—C. D. 1008 reversed June 3, 1947. C. A. D. 368.

BEFORE THE SECOND DIVISION, SEPTEMBER 19, 1947

No. 51905.—Tientsin Trading Corp. *v.* United States, protests 492557–G, etc. (New York).

Opinion by Tilson, J. At the trial counsel for the plaintiff established by the testimony of a qualified witness that the hats in question are similar in all material respects to those the classification of which was involved in *Caradine Hat Co.* v. *United States* (9 Cust. Ct. 69, C. D. 664). Upon the established facts and following the authority cited the claim of the plaintiff was sustained.

No. 51906.—Gimbel Bros., Inc., N. Y. *v.* United States, protests 94543–K, etc. (New York).